Filed 9/29/14  P. v. Collins CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

|  |  |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>      v.<br><br>JAMES HOWARD ALLEN COLLINS,<br><br>      Defendant and Appellant. | B252682<br><br>(Los Angeles County<br>Super. Ct. No. MA059841) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Kathleen Blanchard, Judge.  Affirmed.

Ann Krausz, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

A Los Angeles County deputy sheriff detained James Howard Allen Collins and two companions after they were seen stealing bags of merchandise from a discount store and placing them in the trunk of Collins's car. The deputy found store bags filled with merchandise in the trunk; Collins was unable to provide a receipt for the items.

Collins was charged in an information with one count of petty theft with an allegation he had suffered three prior theft-related convictions (Pen. Code, § 666, subd. (a)).[1] The information further alleged Collins had suffered one prior serious or violent felony conviction within the meaning of the three strikes law (§§ 667, subds. (b)-(i); 1170.12, subds. (a)-(d)) and had served one separate prison term for a felony (§ 667.5, subd. (b)). Collins pleaded not guilty and denied the special allegations.

Collins admitted his three prior theft-related convictions for purposes of section 666 (elevating the current petty theft charge to a felony) before trial. The trial court granted Collins's motion for a bifurcated jury trial on the prior conviction and prior prison term allegations.

A jury convicted Collins of petty theft as charged. After waiving his rights to trial, Collins admitted the prior conviction and the prior prison term allegations. Prior to sentencing the trial court heard and denied his motions to dismiss his prior strike conviction (§ 1385; *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497) and to reduce his felony conviction to a misdemeanor (§ 17, subd. (b)).

The trial court sentenced Collins to an aggregate state prison term of five years, consisting of four years (the middle term of two years doubled under the three strikes law) for violating section 666, subdivision (a), plus one year for having served a separate prison term under section 667.5, subdivision (b). The court awarded Collins presentence custody credit of 289 days and imposed statutory fees, fines and assessments.

We appointed counsel to represent Collins on appeal. After examination of the record counsel filed an opening brief in which no issues were raised. On June 2, 2014 we

---

[1] Statutory references are to the Penal Code.

2

advised Collins he had 30 days within which to personally submit any contentions or issues he wished us to consider. We have received no response.

We have examined the record and are satisfied Collins's appellate attorney has fully complied with the responsibilities of counsel and no arguable issue exists. (*Smith v. Robbins* (2000) 528 U.S. 259, 277-284 [120 S.Ct. 746, 145 L.Ed.2d 756]; *People v. Kelly* (2006) 40 Cal.4th 106, 112-113; *People v. Wende* (1979) 25 Cal.3d 436, 441.)

## DISPOSITION

The judgment is affirmed.


                                            PERLUSS, P. J.
We concur:



        WOODS, J.



        SEGAL, J.*

---

*       Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.